IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DANIEL L. SNOWDEN,

    Petitioner,        No. CIV S-10-0651 KJM GGH (TEMP) P

    vs.

DERRAL ADAMS,        ORDER

    Respondent.

_____/

    Petitioner is a state prisoner proceeding pro se and in forma pauperis with an application for writ of habeas corpus under 28 U.S.C. § 2254. Respondent has filed a motion to dismiss, arguing that petitioner has failed to exhaust his claim that he received a ten-year firearms enhancement of his sentence in state court despite the trial court judge's previous ruling that the enhancement be stricken. Respondent concedes that petitioner's other three claims were properly exhausted. Respondent thus argues that the court should dismiss without prejudice this "mixed" petition of exhausted and unexhausted claims.[1]

---

[1] The exhaustion of available state remedies is a prerequisite to a federal court's consideration of claims presented in habeas corpus proceedings. See Rose v. Lundy, 455 U.S. 509, 102 S.Ct. 1198 (1982); 28 U.S.C. § 2254(b). A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir.1985), cert. denied, 478 U.S. 1021 (1986).

1

1    Petitioner, recognizing that one of his claims is not exhausted, has responded to
2 the motion to dismiss with a motion to stay this case and hold it in abeyance, to allow him to
3 attempt to exhaust his claim in state court. He states that he "was under the impression" that his
4 attorney on direct appeal had exhausted all of the claims he now brings in his federal petition.
5 Mot. at 3 (Docket No. 16).

6    A court may stay a petition and hold it in abeyance pursuant to either Kelly v.
7 Small, 315 F.3d 1063 (9th Cir. 2003), or Rhines v. Weber, 544 U.S. 269 (1995). See King v.
8 Ryan, 564 F.3d 1133, 1135 (9th Cir. 2009). Kelly and Rhines set out different procedures and
9 requirements for imposing a stay. Under Kelly, the petitioner amends his petition to delete any
10 unexhausted claims. The court then stays and holds in abeyance the amended, fully exhausted
11 petition, allowing the petitioner the opportunity to proceed to state court to exhaust the deleted
12 claims. Id. (citing Kelly, 315 F.3d at 1070-71.) Later, the petitioner amends his petition to add
13 the newly-exhausted claims to the original petition. Id. Under Rhines, a petitioner must meet
14 three pre-conditions for a stay of a mixed petition: (1) a finding of good cause for petitioner's
15 failure to exhaust all his claims before filing his habeas action; (2) a finding that the unexhausted
16 claims are potentially meritorious; and (3) no indication that the petitioner engaged in
17 intentionally dilatory tactics. Rhines, 544 U.S. at 278. If all three preconditions exist, the court
18 should stay the habeas case and hold it in abeyance, leaving the mixed petition intact while the
19 petitioner returns to state court to present his unexhausted claims.

20    Rhines does not go into detail as to what constitutes good cause for failure to
21 exhaust, and the Ninth Circuit has provided no clear guidance beyond holding that the test is less
22 stringent than an "extraordinary circumstances" standard. Jackson v. Roe, 425 F.3d 654, 661-62
23 (9th Cir. 2005). Several district courts have concluded that the standard is more generous than
24 the showing needed for "cause" to excuse a procedural default. See, e.g., Rhines v. Weber, 408
25 F. Supp. 2d 844, 849 (D.S.D. 2005) (applying the Supreme Court's mandate on remand). This
26 view finds support in Pace v. DiGuglielmo, 544 U.S. 408, 125 S.Ct. 1807 (2005), where the

1  Supreme Court acknowledged that a petitioner's "reasonable confusion" about the timeliness of
2  his federal petition would generally constitute good cause for his failure to exhaust state remedies
3  before filing his federal petition.  544 U.S. at 416-17, 125 S.Ct. 1807.
4            However, in Wooten v. Kirkland, 540 F.3d 1019 (9th Cir. 2008), the Ninth Circuit
5  ruled that petitioner did not show good cause by arguing that he, like the petitioner in this case,
6  was "under the impression" that his counsel had raised all claims before the state court of appeal.
7  Wooten, 540 F.3d at 1024.  The Ninth Circuit explained that finding good cause in that argument
8  "would render stay-and-abey orders routine" and "would run afoul of Rhines and its instruction
9  that district courts should only stay mixed petitions in 'limited circumstances.'"  Wooten, 540
10 F.3d at 1024.
11           Because petitioner submits precisely the same excuse for his failure to exhaust
12 that the Ninth Circuit rejected in Wooten, this court is bound to find that he has not shown good
13 cause for a stay under Rhines.  However, the Kelly procedure, which has remained available even
14 after the Supreme Court's ruling in Rhines, does not require a showing of good cause.  King, 564
15 F.3d at 1140.  The court must still deny a request for a stay and abeyance under Kelly if the new
16 claims are facially without merit and therefore cannot be added to the existing habeas petition
17 after they are exhausted in state court.  King, 564 F.3d at 1141.
18           The court finds that this petitioner's sole unexhausted claim – that the trial court
19 struck the firearm enhancement at sentencing but the same ten-year enhancement for using a
20 firearm was added to his sentence anyway – presents, at this stage, a facially meritorious claim.
21 Under the Kelly procedure, petitioner should have the opportunity to file an amended petition
22 that does not include his unexhausted claim.[2]  If he does so, the court will impose a stay to allow

---

[2] The court admonishes petitioner to familiarize himself with the court's Local Rule 220, which governs the amendment of pleadings.  If he chooses to file an amended complaint, the court will examine it according to the same screening standards that applied to his original petition.  In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended petition complete.  Local Rule 220 requires that an amended pleading be complete in itself, without reference to any prior pleading.  This is because, as a

him to exhaust the deleted claim in state court.  If he chooses not to amend his petition, the court will deny his motion to stay and recommend that this case be dismissed without prejudice for failure to exhaust all claims, with leave to file an amended petition.  See Anthony v. Cambra, 236 F.3d 568, 574 (9th Cir. 2000).

       IT IS THEREFORE ORDERED that petitioner has fourteen days from the entry of this order in which to file an amended, fully exhausted amended petition.

DATED: January 27, 2011

                    /s/ Gregory G. Hollows

                    GREGORY G. HOLLOWS
                    UNITED STATES MAGISTRATE JUDGE

GGH:hm
snow0651.stay+157

---

general rule, an amended complaint or petition supersedes the original.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once petitioner files an amended petition, the original no longer serves any function in the case.  Therefore, in an amended petition, as in an original petition, each habeas claim and the factual bases underlying it must be sufficiently alleged.

4