IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DANIEL L. SNOWDEN,

   Petitioner,      No. CIV S-10-0651 KJM GGH (TEMP) P

 vs.

DERRAL ADAMS,      <u>ORDER AND</u>

   Respondent.      <u>FINDINGS AND RECOMMENDATIONS</u>

_____/

   Petitioner is a state prisoner proceeding pro se and in forma pauperis with an application for writ of habeas corpus under 28 U.S.C. § 2254. Respondent has filed a motion to dismiss, arguing that petitioner has failed to exhaust his claim that he received a ten-year firearms enhancement of his sentence in state court despite the trial court judge's previous ruling that the enhancement be stricken. Respondent concedes that petitioner's other three claims were properly exhausted. Respondent thus argues that the court should dismiss without prejudice this "mixed" petition of exhausted and unexhausted claims.[1]

---

[1] The exhaustion of available state remedies is a prerequisite to a federal court's consideration of claims presented in habeas corpus proceedings. <u>See</u> <u>Rose v. Lundy</u>, 455 U.S. 509, 102 S.Ct. 1198 (1982); 28 U.S.C. § 2254(b). A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all

1

Petitioner, recognizing that one of his claims is not exhausted, has responded to the motion to dismiss with a motion to stay this case and hold it in abeyance, to allow him to attempt to exhaust his claim in state court. He states that he "was under the impression" that his attorney on direct appeal had exhausted all of the claims he now brings in his federal petition. Mot. at 3 (Docket No. 16).

On January 28, 2011, the court issued an order allowing petitioner to submit an amended, fully exhausted petition pursuant to the procedure laid out in Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003). Under Kelly, the petitioner amends his petition to delete any unexhausted claims. The court then stays and holds in abeyance the amended, fully exhausted petition, allowing the petitioner the opportunity to proceed to state court to exhaust the deleted claims. Kelly, 315 F.3d at 1070-71. Later, the petitioner amends his petition to add the newly exhausted claims to the original petition. Id. Kelly creates a rather lenient procedure: it does not require a petitioner to show good cause why he should be allowed to remedy his failure to exhaust a claim in state court in the first instance. The court should deny a request for a stay and abeyance under Kelly only if the unexhausted claims would be facially without merit and therefore inappropriate to add to the existing habeas petition after they were exhausted in state court. King, 564 F.3d at 1141.

In its January 28 order, the court instructed petitioner as follows:

> The court finds that this petitioner's sole unexhausted claim – that the trial court struck the firearm enhancement at sentencing but the same ten-year enhancement for using a firearm was added to his sentence anyway – presents, at this stage, a facially meritorious claim. Under the Kelly procedure, petitioner should have the opportunity to file an amended petition that does not include his unexhausted claim. If he does so, the court will impose a stay to allow him to exhaust the deleted claim in state court. If he chooses not to amend his petition, the court will deny his motion to stay and recommend that this case be dismissed without prejudice for failure to exhaust all claims, with leave to file an amended petition.

claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir.1985), cert. denied, 478 U.S. 1021 (1986).

See Anthony v. Cambra, 236 F.3d 568, 574 (9th Cir. 2000). Order at 3-4 (Docket No. 21). The court allowed petitioner fourteen days from January 28 – i.e., until February 11, 2011 – in which to submit an amended, fully exhausted petition. Petitioner has not submitted an amended petition or otherwise responded to the order of January 28. Having given petitioner his opportunity to amend, the court is left with a "mixed" petition containing exhausted and unexhausted claims. It should be dismissed without prejudice, though still with leave to amend. Rose v. Lundy, 455 U.S. 509, 522 (1982); Anthony, 236 F.3d at 573.

IT IS THEREFORE ORDERED that the motion for a stay and abeyance (Docket No. 16) is denied.

IT IS RECOMMENDED that:

1. The motion to dismiss (Docket No. 14) be granted.

2. This case be dismissed without prejudice.

3. The petitioner be allowed thirty days in which to file an amended petition.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: March 2, 2011                           /s/ Gregory G. Hollows

_____
GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:hm
snow0651.157